IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LAMONT GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-109 |
| | ) | |
| | ) | |
| TAYLOR AUTO GROUP and PAUL SCHAFFER, | ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

In the above-captioned case, Defendants filed a motion to compel Plaintiff to attend a deposition and also requested an extension of the discovery period due to Plaintiff's failure to attend a properly noticed deposition on November 30, 2015. (Doc. no. 57.) Plaintiff is currently proceeding *pro se* in this case due to the withdrawal of his counsel. (Doc. no. 56.) On December 9, 2015, this Court ordered Plaintiff to respond to Defendants' motion and to inform this Court of his intentions with this case and that failure to do so would result in dismissal for failure to prosecute. (Doc. no. 58.) Plaintiff has yet to respond to the Court's Order or give any indication that he wishes to move forward with this case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This

authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order, which operates as an adjudication on the merits unless the Court specifies otherwise. See Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff has failed to comply with the Court's December 9th Order which clearly warned that non-compliance would result in dismissal. Owens, 331 F. App'x at 655. In addition, Plaintiff has given no indication that he wishes to pursue this case, and his failure to respond to the motion to compel or to show for Defendants' deposition amounts to an abandonment of this case under the Local Rules.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to compel be **DENIED AS MOOT** (doc. no. 57.), this case be **DISMISSED** without prejudice under Loc. R. 41.1 for want of prosecution, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 6th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA